```
                UNITED STATES DISTRICT COURT
                 MIDDLE DISTRICT OF FLORIDA
                    FORT MYERS DIVISION
```

VICKIE LYNN OLIVER,

      Plaintiff,

v.                               Case No: 2:24-cv-1120-JES-NPM

WRIGHT NATIONAL FLOOD INSURANCE COMPANY, a corporation,

      Defendant.

## OPINION AND ORDER

This matter comes before the Court on defendant's Motion to Dismiss (Doc. #15) filed on January 29, 2025. Defendant Wright National Flood Insurance Company (Wright National or defendant) asserts that its insured Vickie Oliver (Oliver or plaintiff) failed to file a proof of loss within one year of the hurricane and has therefore failed to comply with all conditions precedent to claim additional funds. Plaintiff filed a Response in Opposition (Doc. #17) on February 12, 2025, and defendant filed a Reply (Doc. #22) on March 4, 2025, with leave of Court. For the reasons set forth below, the motion is denied.

**I.**

In deciding whether a complaint states a claim upon which relief may be granted, a district court considers the factual allegations in the complaint and the exhibits attached to the

complaint or incorporated into the complaint by reference. MSP Recovery Claims, Series LLC v. Metro. Gen. Ins. Co., 40 F.4th 1295, 1303 (11th Cir. 2022) (citation omitted); Grossman v. Nationsbank, N.A., 225 F.3d 1228, 1231 (11th Cir. 2000). A Court may consider evidence outside the complaint if the evidence satisfies the incorporation-by-reference doctrine or is properly subject to judicial notice. Tellabs, Inc. v. Makor Issues & Rts., Ltd., 551 U.S. 308, 322 (2007); Swinford v. Santos, 121 F.4th 179, 187-88 (11th Cir. 2024).

Under the former doctrine, extrinsic material referenced in a complaint and attached to a motion to dismiss may be considered if (1) it is central to the plaintiff's claim and (2) its authenticity is unchallenged. Horsley v. Feldt, 304 F.3d 1125, 1134 (11th Cir. 2002); Jackson v. City of Atlanta, Georgia, 97 F.4th 1343, 1350 (11th Cir. 2024). When these two requirements are satisfied, extrinsic materials may be considered even if not mentioned in, nor attached to, a complaint. Maxcess, Inc. v. Lucent Techs., Inc., 433 F.3d 1337, 1340 n.3 (11th Cir. 2005); Julmist v. Prime Ins. Co., 92 F.4th 1008, 1016 (11th Cir. 2024) (affirming a district court's consideration of an insurance policy that an insurer attached to a motion to dismiss).

In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff, Erickson v. Pardus,

551 U.S. 89 (2007).  The Court engages in a two-step approach: "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009).  "Factual allegations that are merely consistent with a defendant's liability fall short of being facially plausible." Chaparro v. Carnival Corp., 693 F.3d 1333, 1337 (11th Cir. 2012) (citations omitted).[1]

**II.**

Wright National, a Write-Your-Own (WYO) Program Carrier participating in the National Flood Insurance Program (NFIP), issued a Standard Flood Insurance Policy (SFIP) to plaintiff for the relevant 12-month period.  The SFIP was issued pursuant to the National Flood Insurance Act of 1968 (NFIA), which is administered by the Federal Emergency Management Agency (FEMA).  Under the NFIA, the Administrator of FEMA implements the flood insurance program, 42 U.S.C. § 4041, and is authorized "to adjust and make payment of any claims for proved and approved losses covered by flood insurance."  42 U.S.C. § 4072.

---

[1] Wright National's argument that the claim fails as a matter of law because "[t]here are no genuine issues of material facts" (Doc. #15 at 2) states a summary judgment standard, not a motion to dismiss standard.

3

FEMA has agreed to be sued for its determinations, but with a time limitations period:

> upon the disallowance by the Administrator of any such claim, or upon the refusal of the claimant to accept the amount allowed upon any such claim, **the claimant, within one year after the date of mailing of notice of disallowance or partial disallowance by the Administrator, may institute an action against the Administrator on such claim** in the United States district court for the district in which the insured property or the major part thereof shall have been situated, and original exclusive jurisdiction is hereby conferred upon such court to hear and determine such action without regard to the amount in controversy.

42 U.S.C. § 4072 (emphasis added). The limitations period to file suit is reiterated in the SFIP itself:

> You may not sue us to recover money under this policy unless you have complied with all the requirements of the policy. **If you do sue, you must start the suit within one year after the date of the written denial of all or part of the claim,** and you must file the suit in the United States District Court of the district in which the insured property was located at the time of loss. This requirement applies to any claim that you may have under this policy and to any dispute that you may have arising out of the handling of any claim under the policy.

(Doc. #15-1 at 24) (emphasis added).

By Memorandum dated October 6, 2022, the Acting Assistant Administrator for FEMA described the claims process and responsibilities of NFIP insurers for Hurricane Ian claims. (Doc. #15-2 at 1.) This bulletin required NFIP insurers to accept their

4

adjuster's report to evaluate and pay a claim instead of requiring a signed proof of loss from insureds; allowed payments without the policyholder's signature on the adjuster's report under certain circumstances; and allowed insurers to make more than one payment on a claim. Additionally, "[a] policyholder may still submit a signed proof of loss when they disagree with the adjuster's report." (Id. at 2.)  The bulletin extended the deadline for filing the proof of loss: "To allow enough time for policyholders to evaluate their losses and the adjusters' reports, I am extending the 60-day proof of loss deadline. The deadline for **submitting a compliant proof of loss** for Hurricane Ian **is 365 calendar days (one year) from the date of loss**." (Id.) (emphasis added).  The date of loss in Florida is identified as September 26, 2022. (Id.)

### III.

The following chronology is taken from facts alleged in the Complaint and documents which may be considered with a motion to dismiss, viewed in the light most favorable to plaintiff, the non-moving party.

On September 28, 2022, Hurricane Ian brought a storm surge, tidal water, and rain directly causing physical loss to plaintiff's property on Fort Myers Beach, Florida.  The SFIP covering the dwelling was in full force on the date of loss.  Wright National was notified of plaintiff's flood loss claim on September 30, 2022.

On or about October 4, 2022, Wright National assigned an insurance adjuster to assist plaintiff in presenting her claim. The adjuster inspected the insured property and prepared an estimate of the covered building flood damages in the amount of $26,632.27, and contents flood damages in the amount of $3,279.76. (Declaration of Sarah Brandeberry, Doc. #15-4.) Wright National paid both these amounts. (Doc. #17-1.)

On December 6, 2023, plaintiff submitted a request for additional payment by submitting a signed Sworn Statement in Proof of Loss, claiming a loss of $404,764.19. (Doc. #15-5.)

By letter dated June 21, 2024, Wright National acknowledged that it has received and reviewed the adjuster's report, had paid both estimated amounts ($26,632.27 and $3,279.76), and had received the sworn Proof of Loss in the amount of $404,764.19. Wright National stated that the Proof of Loss could not be accepted "as there is no itemized estimate or other documentation to show what you are claiming." (Doc. #17-1.) The letter went on to note, "[i]f you disagree with our decision, you have the option to appeal our decision directly with FEMA." (Id.) Attached are the Policyholder Rights explaining the options if a claim is denied, including options to file an appeal or file suit. (Id. at 3.)

An appeal was submitted on August 15, 2024. (Doc. #17-4.) While the administrative appeal was pending, Wright National informed plaintiff by a letter dated August 23, 2024, that the

6

adjuster's inspection had found "damages located in the area below the first elevated floor, including but not limited to walls, floors, trim, moulding [sic], doors, vanities, cabinets, tub and personal property.  Based on the information we have received, the SFIP does not provide coverage for these items as they are located below the first elevated floor."  (Doc. #17-3.)

By letter dated November 22, 2024, FEMA upheld Wright National's June 21, 2024, letter decision on appeal.  (Doc. #17-4.)  "Based on the facts and analysis above, FEMA concurs the insurer's decision to deny coverage based on insufficient documentation provided in support of the signed proof of loss." (Id. at 5.)  The FEMA decision advised that "[t]he appeals process does not extend the one-year period to file suit against the flood insurer that began when the insurer first denied your client's claim in writing."  (Id. at 1.)

On December 5, 2024, plaintiff filed her Complaint (Doc. #1) alleging one count for breach of the insurance policy.

### III.

Wright National argues that plaintiff was required to submit a timely, signed, and sworn proof of loss within 365 days of the flood loss date, as extended by FEMA.  (Doc. #15 at 2 n.4; at 10). Wright National argues:

> Plaintiff was required to submit a signed and sworn Proof of Loss to Wright for the amounts sought by September 28, 2023 (365 days after September 28, 2022) …. As such,

7

> based upon the allegations of the Complaint, Plaintiff has admitted that she failed to submit a timely signed and sworn Proof of Loss to Wright in support of her claim. Because Plaintiff failed to submit a timely, signed and sworn Proof of Loss, Plaintiff failed to preserve her claim for federal benefits under the SFIP.

(Id. at 16.)

Plaintiff acknowledges that the proof of loss was late, but argues that an insured may file suit in federal court within one year of the denial of the claim; that the FEMA Bulletin "support[s] flexibility in the SFIP's strict compliance requirements; that defendant's June 21, 2024, letter did not raise any concerns about the deadline "demonstrating procedural flexibility"; that the August 23, 2024, letter inviting plaintiff to submit a proof of loss constitutes an implicit waiver; that the FEMA appeal decision did not reference any timeliness issues; and that the SFIP's documentation requirements are ambiguous.  (Doc. #17 at pp. 1-2.)

The relevant timeline is undisputed:  Hurricane Ian caused damage to the insured property on September 28, 2022; plaintiff made a timely claim with Wright National two days later and an adjuster was assigned; an inspection occurred on October 4, 2022; on October 6, 2022, FEMA issued a Memorandum setting forth special procedures concerning Hurricane Ian claims; Wright National made full payments of the adjuster's estimates; on December 6, 2023, plaintiff submitted a Proof of Loss; on June 21, 2024, the Proof of Loss was "not accepted" as insufficient and coverage over the

8

amounts previously paid was denied; on August 23, 2024, a letter provided additional information for the denial of coverage; on November 22, 2024, FEMA upheld the June 21, 2024, decision; and on December 5, 2024, plaintiff filed this lawsuit against Wright National.

FEMA's Policyholder Rights (Doc. #17-1 at 3) sets forth the rights if the flood insurer denies a claim. It provides in part that "if you do not agree with your insurer's decision to deny your claim and you receive a full or partial claim denial letter from your insurer, you have several options", including filing an appeal directly to FEMA within 60 days of the denial letter. "If you appeal, you can later choose to file suit against your insurer as long as you are still within the one year time frame available to file suit, but you can no longer seek appraisal." Another option is to file suit in federal court "within one year of when your insurer first denied all or part of your claim." Filing an appeal does not extend the "one-year timeframe" to file suit, but you can still file suit after filing an appeal to FEMA. (Id.) As previously noted, this one-year deadline is also in the SFIP Policy. (Doc. #15-1 at 24.)

The date on which the limitations period begins to run in this case is clear: The one-year limitation to file suit in district court was triggered by a full or partial denial of a claim. The June 21, 2024, letter stating that it could not accept

9

the signed proof of loss was the first denial. See, e.g., McInnis v. Liberty Mut. Fire Ins. Co., No. 22-30022, 2022 WL 4594609, at *3 (5th Cir. Sept. 30, 2022) (letter stating that content items not supported were not allowed and informing of the right to appeal). Therefore, the suit must have been filed on or before June 21, 2025, and was timely filed on December 5, 2024, within one year of the denial of plaintiff's claim.

Wright National nonetheless asserts that even if the lawsuit is timely, the lack of a timely proof of loss constitutes the failure to perform a mandatory condition precedent, which requires dismissal of the lawsuit. (Doc. #15 at 16.) "A failure to provide a sworn proof of loss to prove damages can be a material breach of a policy's conditions precedent." New S. Commc'ns, Inc. v. Houston Cas. Co., 835 F. App'x 405, 412 (11th Cir. 2020) (citations omitted). While Wright National may ultimately be correct, it is a question of fact and "a reasonable factfinder could conclude" there was no prejudice. New S. Commc'ns, Inc. v. Houston Cas. Co., No. 22-12387, 2023 WL 3375530, at *3 (11th Cir. May 11, 2023). See also Isaiah v. JPMorgan Chase Bank, 960 F.3d 1296, 1304 (11th Cir. 2020) ("A complaint need not anticipate and negate affirmative defenses and should not ordinarily be dismissed based on an affirmative defense unless the defense is apparent on the face of the complaint.") Plaintiff's arguments regarding flexibility in interpretation and waiver are essentially premature responses to

10

the affirmative defense, which may not be asserted until there is a formal affirmative defense pursuant to Fed. R. Civ. P. 8(c) and a formal reply to that affirmative defense pursuant to Fed. R. Civ. P. 12(a)(1)(C).  At this stage of the proceedings, plaintiff is only required to plead a plausible claim.  Plaintiff has sufficiently done so.

Accordingly, it is now

**ORDERED:**

Defendant's Motion to Dismiss (Doc. #15) is **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this __6th__ day of June 2025.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Parties of record

11